IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SAN JUANITA MARTINEZ,
TANGINA HEARD,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　C.A. No.:　4:17-cv-770

HOUSTON AIR COMFORT, INC.,
ROYAL AC, INC., GEORGE SALEH, and,
SAM MUKATTASH,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SAN JUANITA MARTINEZ and TANGINA HEARD (hereinafter sometimes referred to as "Plaintiffs"), by and through their undersigned counsel, pursuant to 29 U.S.C. § 216(b), hereby sues Defendants, HOUSTON AIR COMFORT, INC., ROYAL AC, INC., GEORGE SALEH, and, SAM MUKATTASH (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1.    This is an action by Plaintiffs against their former employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.　Plaintiffs seek damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiffs performed work for Defendants and incurred unpaid overtime wages while working in Houston, Texas.

## THE PARTIES

4. Plaintiff, SAN JUANITA MARTINEZ, is an individual residing in Harris County, Texas. Plaintiff was employed by Defendants in their authorization department from approximately June 8, 2014, through February 3, 2017, at the hourly rate of $17.50. Plaintiff's principle duties were processing credit cards and other miscellaneous duties.

5. Plaintiff, TANGINA HEARD, is an individual residing in Harris County, Texas. Plaintiff was employed by Defendants as a "dispatcher" from approximately June of 2016, through November of 2016, at the hourly rate of $13.00. Plaintiff's principle duties were dispatching Defendants' service personnel to various customer calls and other miscellaneous duties.

6. Defendant, HOUSTON AIR COMFORT, INC., is a corporation formed

under the laws of the State of Texas and at all at all times material to this complaint, maintained and operated a business in Houston, Texas.

7. Defendant, SAM MUKATTASH, is the sole officer of Defendant, HOUSTON AIR COMFORT, INC., and is a resident of Houston, Texas.

8. Defendant, ROYAL AC, INC., is a corporation formed under the laws of the State of Texas and at all at all times material to this complaint, maintained and operated a business in Houston, Texas.

9. Defendants, SAM MUKATTASH and GEORGE SALEH, are the sole officers of ROYAL AC, INC.

10. Defendant, GEORGE SALEH, is a resident of Houston, Texas.

11. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

11. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant, HOUSTON AIR COMFORT, INC. and ROYAL AC, INC., were individually and collectively an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act,

29 U.S.C. §§ 203(r)-(s). Specifically, Defendants specialize in air conditioning and heating installation and repair and both operate from the same location and utilize the same employees.

13. Defendants were jointly and severally the Plaintiffs' "employer" as that term is defined under the FLSA.

14. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

15. Additionally, Plaintiffs performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce. Moreover, Plaintiffs utilized the channels of commerce through the verification of credit cards, long distance telephone calls and handling of mail.

16. At all times material to this Complaint, Defendants were the employers of the Plaintiffs and, as a matter of economic reality, the Plaintiffs were dependent upon Defendants for their employment.

17. Defendants also failed to pay Plaintiffs for any overtime hours in excess of 40 hours per workweek.

18. Plaintiffs did not hold a position that would qualify for any exemption under the FLSA.

19. During Plaintiffs' employment, Defendants required, suffered or

permitted Plaintiffs to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

20. Defendants were aware that the FLSA required it to pay Plaintiffs time and one-half of their regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

21. In order to circumvent the requirements of the FLSA, Defendants paid Plaintiffs for their initial 40 hours weekly through one corporate entity, HOUSTON AIR COMFORT, INC., and paid Plaintiffs straight time through the second corporate entity, ROYAL AC, INC. All along the Plaintiffs were working for one single entity and should have been paid time and one-half for their work in excess of 40 hours per workweek.

22. Defendants were aware that Plaintiffs had worked overtime hours during one or more workweeks; however, Defendants willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiffs.

23. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendants' willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Defendants, jointly and severally, for the following:

    A.    Actual damages provided by law;

    B.    Liquidated damages as allowed by law;

    C.    Reasonable attorneys' fees and costs;

    D.    For pre-judgment interest in the event liquidated damages are not awarded;

    E.    For such other and further relief to which Plaintiffs may be justly entitled, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted, March 10, 2017.

                        **ROSS LAW GROUP**

                        _____
                        **CHARLES L. SCALISE**
                        Texas Bar No. 24064621
                        Attorney-in-Charge
                        **DANIEL B. ROSS**
                        Texas Bar No. 00789810
                        1104 San Antonio Street
                        Austin, Texas 78701
                        (512) 474-7677 Telephone
                        (512) 474-5306 Facsimile
                        Charles@rosslawgroup.com